The final case for argument this morning is United States v. Kluball. Mr. Moyers. May it please the court. The district court in this case held a mentally ill 25-year-old man on his first trip to prison that he was never going to get better. The district court in sentencing my client Mr. Kluball made a prediction about his dangerousness. And that prediction wasn't based on criminal history, because it couldn't have been, but based on mental health history. And what the district court said here is, look, I've seen the voluminous mental health history you have here. And what it says is that there's no realistic expectation that any kind of treatment is going to have a lasting impact on you that won't just allow you to comply with the law, but even just keep yourself safe and others safe. And the problem is that's not true. That's not what the mental health. The question, counsel, is not whether you or we think it's true, but whether the district court's conclusions are clearly erroneous. Why do you think they're clearly erroneous? I think they're clearly erroneous for two reasons. First of all, throughout the PSR, which is all the facts that the judge had on this issue, said no mental health professional ever said that there wasn't a realistic hope that treatment would help him. No mental health professional ever said that. The most pessimistic at God is that one during his teens, maybe when he was 12, said, yes, he's going to be a challenge. That is clearly erroneous. The second part is the prediction that no treatment is going to be successful here. What happens with each time that he's hospitalized or sees a provider, the provider comes up with a plan that involves counseling and drugs and has a way to go forward. It doesn't say, look, this is the sort of person that is going to be a persistent danger and that the real treatment plan here should probably be something like civil commitment. Indeed, Mr. Klugel, just after his arrest in this case, was sent up to be looked at by the state psychiatrist to see if he was a danger to himself or others. The providers there said, well, initially he was a little resistant, but after 72 hours they were convinced that he was not going to hurt himself. The last time he saw a mental health professional, before this sentencing, the mental health professional there said, no, this isn't somebody who is just refractory to treatment, who's not going to get better. Now, why is that clearly erroneous? Well, the judge here says, look, he talks a little bit about retribution, a little bit about deterrence, but the sentence here was about danger to the public and dangerousness. And for the judge to say, look, I need to keep you safe and the community safe, there's not even, the judge couldn't rely on criminal history here because there wasn't really much of one. There were some acts in his past based on some of his mental health challenges, that's where the action was, that's where the concern was. And here the judge is reading all this information and his take, or not even his take, he just reads it as, well, the mental health professionals here have said that you're just going to be a danger and I need to give you the statutory maximum in prison and then after that I need to give you 20 years of supervised release. Now, another reason this is clearly erroneous for this sort of factual, to use this as a factual basis, is there wasn't any testimony. Nobody came up and said, to make sort of a really ambitious conclusion, which is, you're not going to get better, Mr. Klubal, or we've tried this, we've tried that, we've tried all this, we don't have any more tools in the toolbox. You're finished. Why did the district judge need a mental health professional to say that when the district judge had Mr. Klubal's history in front of him? History of misdeeds and misconduct and also history of treatment that unfortunately wasn't having any kind of a lasting impact on him? Well, I think there are two points there. First of all, if the judge had said simply, you've had a past of a lot of misconduct, dangerous to yourself, dangerous to others. And I as the judge have to make a judgment call about your dangerousness in the future. That's just going to be part of the mix here, protecting the public. I'm going to say past performance, pretty indicative of future results. That would have been fine. But the judge didn't do that here. What the judge said is, I'm left only with the conclusion based on this mental health record that you're not going to get better. That there's no treatment that's going to have a lasting impact. And I think the difference is there is that the judge is trying or not trying, did couch it in the terms of as if the judge said, look, I'm left only. As if the medical evidence said, look, you know, other kinds of incentives or structures aren't going to be helpful to him here. And the mental health evidence doesn't say that at all. And. Yeah, but before the court does that, he goes, takes great, goes in great detail as to the whole history and goes through some of the treatment he's received. And I know he speaks about his military history and other opportunities that he had to clean up his act, which didn't have a life lasting impact. So it's not like he just did this, you know, just that's the only statement standing alone. And I think it was both and. And I think to say enough. If the judge again had said. You have you haven't succeeded and a lot of different environments or structures, it wasn't just your parents or foster care or living with your dad in Florida. That would be fine because judges make those calls every day, all the time. They've got to make predictions about the future. That's what public protection asks about. But for the judge here also to go into. To for the judge to rely on that also is to say, look, mental health history is what I'm going to look at here or that I'm going to say, look, they've got nothing for you in the in the mental health toolkit. I think not I think is it goes too far. And I the problem with that is that what it does is it makes it's as if the judge's decision is protected or it's underscored by mental health professionals as if saying, look, the doctors say this or the mental health. Your mental health is untreatable. That's that. I'm sorry, my hands are tied. And look, there's no we have no argument with the fact or with the idea that the judge has to make judgment calls about this. That's what they do. But to rely on mental health history and mental health language to say, look, my hands are bound here because of what the mental health professionals say is error. And we can't get the sentences broken. It's invalid if it's based on a factual explanation or factual premises that simply aren't true. And just because there is a record there that the judge could have relied upon doesn't mean either that he did or that he should have. I'll come back for a rebuttal. Certainly, Mr. Moyers. Ms. Pfluger. Good morning. May it please the court. My name is Julie Pfluger. I'm representing on behalf of the government. And I'm sorry, I'm a little bit ill today, so I'm trying to speak up. In this case, there is no contention that the facts that the judge relied on had any error in them. The PSR was correct. We're not debating that. What the defense tries to do is put what the judge said as a factual finding. The defense counters it that the judge made a factual finding that there is no treatment that will help Mr. Pfluger. And, in fact, that's not what he did. What he did is exactly what he was supposed to do. And Mr. Moyers just said he would be fine if the judge was saying past performance is indicative of future results. That's what he did. What he said was, I've looked at your history. I've gone through it. I've gone through it in depth. And I'm finding that you might be difficult to treat in the future, and I need to protect the public. And protection of the public is speculation. But what the defense is saying is it's unsupported speculation, and that's not correct. This is clearly supported throughout the record. The judge is required to look at Section 3553 factors, and that's exactly what he did. Now, does he have to make some kind of predictions and speculation? Yes. That's his job. And the defense said they don't disagree with that. So instead of he did not make a factual finding, there's nothing that's going to help you. In fact, if you look at the record as a whole, you'll see the judge said, look, here's your problems. You're defiant. You're aggressive. And maybe there's some kind of treatment that will help you in the future. But when I'm looking at your past and I'm looking to protect the public in the future, I am pessimistic. That's what judges are supposed to do, and that's what the judge did in this matter. I can address any questions. If not, I'll rest on my brief. Thank you. Thank you, Counsel. Anything further, Mr. Moyers? I think my friend, Ms. Pfluger, gets to the heart of it, which is you either read the record and see it from Mr. Pfluger or Mr. Klugel's point of view, or you see it from the government. I think that the record shows exactly what the court did, but I would agree that the central issue is looking at the record, what do you think the district court meant? Thank you. Thank you very much, Counsel. The case is taken under advisement, and the court will be in recess. Thank you. Thank you.